STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN J. CHILDS, PLAINTIFF IN ERROR.

Submitted December 10, 1023—Decided November 21, 1924.

**Crimes—Breaking and Entering—Receiving Stolen Goods—Taking of Liquor—Both Charges in Indictment—Assignments of Error Showed No Error in Conviction—Sentence Imposed Erroneous Since Verdict Did Not Specify the Court in Indictment and Error May Be Corrected in Court Below.**

On writ of error.

Before Justices KALISCH and KATZENBACH.

For the plaintiff in error, *Walter Comer* (*Ulysses G. Styron,* of counsel).

For the defendant in error, *Louis A. Repetto.*

PER CURIAM.

This case has been brought to this court by a writ of error directed to the Court of General Quarter Sessions of the county of Atlantic. The writ brings up for review the conviction of John Childs under an indictment which charged

him with—(1) breaking and entering by night; (2) breaking and entering by day; (3) entering without breaking; (4) larceny above $20; (5) receiving stolen goods. The facts revealed by the testimony are briefly, as follows:

On February 4th, 1923, Mrs. Nunzio Patroni left her home at 102 North Cambridge avenue, Ventnor, New Jersey, at two P. M. She returned on the same day at ten forty-five P. M. The following morning she discovered that her house had been broken into. An iron bar which did not belong to her, and had not been on the premises, was found in the house. This bar had been used to pry open a window, as marks made by the bar appeared upon the window. A quantity of liquor, worth several hundred dollars, which Mrs. Patroni had stored in a room, and which she had been advised by her physician to personally use, was stolen. In the room where the liquor had been kept a certificate bearing the name and seal of the registrar of vital statistics of Atlantic City was found. This certificate showed that a child had been born to one John Childs, and his wife, Anna. John Childs had been formerly employed by Mrs. Patroni. Mrs. Patroni took the birth certificate to the Ventnor city hall and gave it to a detective. A search warrant was issued and premises of Childs at 403 North Ohio avenue and 1619 Arctic avenue were searched. The liquor of Mrs. Patroni was found in the premises belonging to Childs. Childs admitted that he had recently procured the birth certificate, and in the presence of a detective looked in his pocket for it. Childs was, subsequently, indicted, tried and convicted. He was sentenced to serve a term in the New Jersey state prison at hard labor of not less than five years, and not more than ten years. The case is before this court upon a strict bill of exceptions, and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The assignments of error are two in number. They deal with—*first*, the admission in evidence of the birth certificate, and *second*, the admission in evidence of the iron bar. Error in the admission in evidence of these articles is not pressed in the brief of the plaintiff in error. The assignments might be

considered as abandoned. As both articles were found upon the premises, and the birth certificate was connected with the defendant and admitted by him to have been delivered to him, it was not error to have admitted the birth certificate in evidence. While the iron bar was not shown to belong to the defendant, yet it was shown that it had not been upon the premises prior to the entering thereof. It was therefore admissible in evidence upon the question as to whether or not the house had been entered

There was no exception, not even a general one, taken to the charge of the court. The first specification for reversal deals with that portion of the charge of the trial judge which instructed the jury, as follows: "Under the indictment, if you are satisfied beyond a reasonable doubt, you may convict the defendant of either one of the counts alleged in the indictment, which you think the evidence adduced on the part of the state has satisfied you beyond a reasonable doubt that he is guilty of as to that particular count in the indictment." The objection made to this portion of the charge is in the use of the word "satisfied." The plaintiff in error contends that the word "convinced" should have been used. The word "satisfied," in the sense in which it was used in the criticized portion of the charge, means the same as "convinced." In Anderson's Dictionary of the Law the word "convince" is stated to mean "to overcome or subdue; to satisfy the mind by proof," and "satisfy" is stated to mean "to supply fully with what is required; to free from doubt or uncertainty; to set the mind at rest; to convince." The use of the word "satisfied" was equivalent to the use of the word "convinced." We cannot see how the plaintiff in error was harmed or prejudiced by what the court said in the quoted passage. It could not have misled the jury.

The second specification of cause and reason for reversal is based upon the following portion of the charge: "Possession of stolen goods by a defendant is not sufficient evidence to convict a defendant of having committed the crime of stealing the goods, but possession of stolen goods by a defendant, without satsfactory explanation on his part as to how he came

in possession of stolen goods, is evidence of guilt on the part of the defendant, but not enough evidence itself for you to convict the defendant of having committed the crime of stealing the goods." The plaintiff in error concedes that the first and third propositions embody correct statements of the law, and that the second proposition is correct in the application to the counts in the indictment charging theft of the goods, but contends that it is erroneous as applied to the count in the indictment charging the defendant with receiving stolen goods. A reading of the passage in connection with what follows in the charge shows that it was not intended to apply to the count charging the defendant with receiving stolen goods, and we cannot see how the jury were left to infer that the possession of the liquor was sufficient in itself to warrant the conviction of the plaintiff in error of receiving stolen goods, as contended in the brief filed in behalf of the plaintiff in error. Upon any subject the charge of the court must be considered as a whole. If the charge as whole makes the law plain to the jury, an excerpt from the charge, apparently susceptible of another meaning, if it stood alone, is not erroneous. *State* v. *Friedman,* 120 *Atl. Rep.* 8.

The plaintiff in error next alleges that the following portion of the charge was erroneous: "But the possession of stolen goods, taken with other corroborative facts and circumstances in the case, is evidence enough on which to convict a defendant if you are satisfied beyond a reasonable doubt by the evidence produced on the part of the state that the defendant is guilty." Counsel contends that this passage means that on the count for receiving stolen goods the defendant below could be convicted upon the possession of the goods with other corroborative facts and circumstances applicable to other counts of the indictment. We do not think this passage of the charge should be so construed. The other corroborative facts and circumstances were those applicable to the charge of receiving stolen goods. This is the inference which the jury would naturally draw from the language of the court. We cannot see how the defendant was

prejudiced by what the trial judge said in this regard. What we have said in the preceding paragraph as to taking into consideration the whole charge applies to the portion of the charge now under consideration.

The final contention made by the plaintiff in error is that the sentence imposed in the court below is erroneous. The plaintiff in error was tried upon an indictment containing five counts. These counts have been stated. The jury returned a general verdict of guilty. The court in pronouncing the sentence did not say upon which particular count of the indictment sentence was imposed. This should have been done. The crimes for which the defendant was indicted, with the exception of that of receiving stolen goods, were high misdemeanors. The crime of receiving stolen goods is a misdemeanor. The correct practice is laid down in the case of *State* v. *Verona,* 93 *N. J. L.* 390. This was a case where the defendant was convicted of larceny and receiving. The sentence imposed was a minimum term of two years and a maximum term of seven years. Chancellor Walker, in delivering the opinion of the Court of Errors and Appeals, said: "The two counts in the indictment are repugnant, because a person cannot be guilty of stealing certain property and also of receiving that same property from another who stole it, knowing it to have been so stolen. And even if they were not positively repugnant, the practice is to sentence on one count—the one containing the offense of the highest grade. *State* v. *Dugan,* 65 *Id.* 65; *affirmed,* 65 *Id.* 684. Here neither was higher than the other, judged by the penalty imposable. Yet the judge imposed a higher penalty than could be legally inflicted for a misdemeanor, and imposed a sentence of imprisonment for the maximum penalty for a high misdemeanor—seven years. This error, however, may be corrected either in this court or in the court below." We are of the opinion that the error in the sentence in the present case should be corrected in the court below.

The judgment of conviction is affirmed and the case is remanded to the Court of General Quarter Sessions of the county of Atlantic for the purpose of resentencing the defendant in the manner herein stated.